UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

March 31, 2021

LETTER TO COUNSEL

      RE:   *Leniya S. v. Saul*
                Civil No. DLB-19-2990

Dear Counsel:

      On October 14, 2019, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response. ECF 14 ("Pl.'s Mot."); ECF 16 ("Def.'s Mot."); ECF 17 ("Pl.'s Resp."). I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

      Plaintiff filed her claim for Disability Insurance Benefits on April 6, 2015, and her claim for Supplemental Security Income on May 7, 2015, alleging in both an onset date of February 1, 2015. Administrative Transcript ("Tr.") 221-28. The SSA denied her claims initially and on reconsideration. Tr. 118, 127. An Administrative Law Judge ("ALJ") held a hearing on August 8, 2018. Tr. 34-55. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-26. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1-6; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

      The ALJ found plaintiff severely impaired by "morbid obesity, fibromyalgia, mild degenerative disc disease of the spine, bilateral carpal tunnel syndrome, attention deficit hyperactivity disorder (ADHD), affective disorder, [a]nxiety [d]isorder, and sleep apnea." Tr. 15 (internal citations omitted). Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

>   perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except she is unable to climb ladders, ropes, and scaffolds, she can engage no more than occasional other postural activities; she can perform frequent bilateral handling; she can have no exposure to unprotected heights and hazards; she can perform simple, routine tasks in two-hour increments with normal breaks; she can have no work requirement to interact with the public; and she can tolerate no more than occasional changes to the work setting.

Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could not perform her past relevant work as a shoe salesperson, shoe store assistant manager, or furniture rental clerk but could perform other jobs existing in significant numbers in the national economy. Tr. 23. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 26.

On appeal, plaintiff argues: (1) the ALJ erroneously analyzed her mental impairments, (2) the ALJ improperly evaluated her fibromyalgia, and (3) substantial evidence does not support the ALJ's step-three findings. Pl.'s Mot. at 4-26. The parties initially submitted arguments in this case between August and October 2020. *See* Pl.'s Mot.; Def.'s Mot.; Pl.'s Resp. In December 2020, the Fourth Circuit published *Arakas v. Cmm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020), in which it joined the "growing number of circuits [that] have recognized fibromyalgia's unique nature and . . . accordingly held that ALJs may not discredit a claimant's subjective complaints regarding fibromyalgia symptoms based on a lack of objective evidence substantiating them." This Court sought supplemental briefing from the parties as to whether *Arakas* requires remand in this case. ECF 18. The Commissioner argues *Arakas* does not, ECF 20 ("Def.'s Supp. Br."), though in his initial motion for summary judgment he argued "[t]he ALJ's consideration of objective medical findings, treating doctor opinions, and [plaintiff's] treatment history was . . . not inappropriate," Def.'s Mot. at 8. I disagree that the ALJ's analysis complies with *Arakas*'s clear mandate. Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

Fibromyalgia is assessed using a two-step framework. 20 C.F.R. §§ 404.1529, 416.929; SSR 12-2p, 2012 WL 3104869 (July 25, 2012). First, ALJs must assess the objective medical evidence and determine whether the plaintiff has a medically determinable impairment. *Id.* §§ 404.1529(b), 416.929(b); SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). Second, if the ALJ finds a medically determinable impairment, the ALJ assesses the plaintiff's symptoms to determine how the symptoms' intensity and persistence affect the plaintiff's ability to work. *See id.* §§ 404.1529(c), 416.929(c); SSR 16-3p. At the second step, the plaintiff is not required to produce objective evidence of the pain itself or its intensity. *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989). The Fourth Circuit recently observed this evidentiary rule is particularly important in cases where plaintiffs are impaired by fibromyalgia—"a disease whose symptoms are entirely subjective, with the exception of trigger-point evidence." *Arakas*, 983 F.3d at 97 (citing *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996). Because "[o]bjective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of . . . fibromyalgia, the Fourth Circuit held that "ALJs may not rely on objective medical evidence

*Leniya S. v. Saul*
Civil No. DLB-19-2990
March 31, 2021
Page 3

(or lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia." *Id.*

In this case, the ALJ used objective evidence to discount plaintiff's subjective complaints. For example, the ALJ found:

> Records from Edward McCready Hospital Physical Therapy clinic [addressing fibromyalgia] reflect that, on February 4, 2016, the claimant reported pain affecting her neck, shoulders, and upper back reaching 7 out of 10 severity. *However*, on examination, she demonstrated 5/5 strength with improved range of motion and improved function from 5% to 15% . . . .

> [Plaintiff] consulted with Michael Crouch, MD[,] regarding her one-year history of widespread joint pain on March 4, 2016. He confirmed the diagnosis of fibromyalgia after physical examination showed only joint tenderness. Laboratory studies done later that month were also normal, which further supported the diagnosis of fibromyalgia. [Plaintiff] was treated conservatively with Lyrica for primary fibromyalgia syndrome, . . . during which time examinations demonstrated normal motor tone and strength, normal movement of all extremities, intact sensation, and normal gait, station, and coordination.

Tr. 19-20 (internal citations omitted) (emphasis added). *Arakas* prohibits such consideration, "even as one of multiple factors." 683 F.3d at 97. Though the ALJ did find normal laboratory studies supported a diagnosis of fibromyalgia, he also discussed plaintiff's conservative treatment and normal physical examinations in the context of her RFC. While the Fourth Circuit allows consideration of "normal clinical and laboratory results . . . such evidence—along with consistent trigger-point findings—should be treated as evidence *substantiating* the claimant's impairment." *Id.* 97-98 (emphasis in original). Here, the ALJ juxtaposed plaintiff's "conservative treatment" with her normal physical examination findings, which suggests the ALJ viewed those facts as mitigating plaintiff's subjective complaints about her fibromyalgia. Plaintiff "cannot be faulted for 'failing to pursue non-conservative treatment options where none exist.'" *Id.* at 102 (citing *Lapierre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010)). Neither can her normal physical examination findings be used to discount her subjective complaints.

The Commissioner unpersuasively argues *Arakas* does not compel remand in this case. The Commissioner's argument that the ALJ permissibly considered objective medical evidence to find a medically determinable impairment is beside the point. *See* Def.'s Supp. Br. at 2. The issue in this case is not whether the ALJ properly found a medically determinable impairment but whether the ALJ properly discounted plaintiff's symptoms in considering objective evidence at the second step of the two-step framework. *See* 20 C.F.R. §§ 404.1529, 416.929.

Additionally, the Commissioner's argument that "the Commissioner's regulations, the Commissioner's sub-regulatory guidance, and Fourth Circuit case law make clear that the entire record, including the objective medical evidence, will be considered in assessing the intensity, persistence, and limiting effects of an individuals' symptoms, including pain" misapprehends the

*Leniya S. v. Saul*
Civil No. DLB-19-2990
March 31, 2021
Page 4

Fourth Circuit's central insight in *Arakas*. *See id.* at 3. The Fourth Circuit remanded *Arakas* not because the ALJ considered objective evidence but because the ALJ used objective evidence to "discount" the plaintiff's subjective complaints. 683 F.3d at 97. Fibromyalgia's "'symptoms are entirely subjective, with the exception of trigger-point evidence." *Id.* at 96. Physical examinations thus "usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." *Id.* (citing *Green-Younger v. Barnhart*, 335 F.3d 99, 108-09 (2d Cir. 2003)) (internal citation omitted). Consequently, unremarkable objective evidence is not probative of fibromyalgia's severity because the disease does not—regardless of severity—normally produce abnormal results.

The Commissioner also distinguishes the instant case from *Arakas* on the grounds that: (1) the ALJ "did not state that the lack of significant clinical findings was inconsistent with" disability, (2) "did not repeatedly refer to and emphasize the lack of supporting objective medical evidence concerning [plaintiff's] fibromyalgia, and (3) "did not indicate that a lack of objective medical evidence 'was his chief, if not definitive, reason'" for discounting plaintiff's symptoms. Def.'s Supp. Br. at 3-4 (citing *Arakas*, 983 F.3d at 97). But none of these arguments, even if true, explain how the ALJ did not use "objective medical evidence (or lack thereof)—even as just one of multiple factors—" to discount plaintiff's symptoms. *See Arakas*, 983 F.3d at 97. In fact, the Commissioner does not address the ALJ's reliance on the objective medical evidence in the records from the Edward McCready Hospital Physical Therapy clinic and Dr. Crouch to discount plaintiff's subjective complaints. Neither does the Commissioner's identification of other components of the ALJ's fibromyalgia analysis change the fact that, in this case, the ALJ used objective evidence to discount plaintiff's symptoms. *See* Def.'s Supp. Br. at 4-5.

Ultimately, *Arakas* requires remand because the ALJ impermissibly used objective evidence to discount plaintiff's complaints. *See, e.g.*, *Michelle P. v. Saul*, No. TMD-19-3499, 2021 WL 119076, at *4-5 (D. Md. Jan. 12, 2021) (remanding where the ALJ found the plaintiff's fibromyalgia severe but noted that "testing in the record showed normal gait and no neurological defects" and "spinal imaging did not show significant abnormalities); *Charlene L. v. Saul*, No. 3:19cv626, 2021 WL 725822, at *4-6 (E.D. Va. Feb. 3, 2021) (remanding for the ALJ's improper consideration of the plaintiff's fibromyalgia where the ALJ found the plaintiff experienced pain but "the treatment notes show[ed] an improvement in joint pain due to conservative treatment" and "other physical examinations show a normal range of hip and knee motion as well as other joints, normal sensation and strength in the bilateral extremities and no joint tenderness").

Finally, because I remand for the ALJ's impermissible evaluation of plaintiff's fibromyalgia, I do not consider whether the ALJ properly assessed plaintiff's mental impairments or whether substantial evidence supported the ALJ's step-three findings. The ALJ may consider these arguments on remand.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 14, is denied, and the Commissioner's motion for summary judgment, ECF 16, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

*Leniya S. v. Saul*
Civil No. DLB-19-2990
March 31, 2021
Page 5

      Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                                      Sincerely yours,

                                      /s/

                                    Deborah L. Boardman
                                    United States Magistrate Judge